USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EVITA JULES,  :
 :
                     Plaintiff,  :
 :     19-CV-5008 (VEC)
       -against-  :
 :     MEMORANDUM
COSMETIC AND RECONSTRUCTION DENTISTRY,  :    OPINION AND ORDER
DR. MICHAEL CHESNER D.D.S., AND DR. ROBERT  :
B. VOGEL, D.D.S., PLLC,  :
 :
                     Defendants.  :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

    *Pro se* plaintiff Evita Jules brings this action against her former employers, Dr. Michael Chesner and Dr. Robert Vogel, alleging employment discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 2000e17; 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131. *See* Dkt. 1. Plaintiff also alleges that Defendants and their attorney engaged in fraud and conspiracy to cause the New York State Division of Human Rights to dismiss her complaint. *Id.* On August 1, 2019, Defendants moved to dismiss the action. Dkt. 9. On July 26, 2019, this Court referred the case to Magistrate Judge Netburn for the preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Dkt. 22. On December 17, 2019, Judge Netburn issued her Report and Recommendation to this Court. Dkt. 23. On December 23, 2019, Plaintiff submitted objections to the Report. Dkt. 24.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. New York City Law Dpt.*, No. 14-CV-1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (internal citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 07-CV-4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008); *Schildwachter v. Berryhill*, No. 17-CV-7277, 2019 WL 1115026, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that in order to preserve objections for appeal, the objections "must refer 'to specific findings or recommendations' in the R&R and must support their positions with legal authority") (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). To the extent that "the party makes only

conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

Here, although Plaintiff states that adopting Magistrate Judge Netburn's Report would "paralyze [her] ability to defend her rights against the Defendants' abuses" and enable Defendants to "continue railroading her according to their connection with the State Division on Human Rights dishonest authorities," she fails to object to any specific findings or recommendations in the Report. Pl. Objections, Dkt. 24 at 3. Instead, Plaintiff makes conclusory assertions that the Report is "very erroneous" and "strange," but does not offer any explanation or argument to support such a characterization. *Id*. at 1–2. Because Plaintiff's objections are not "clearly aimed at particular findings," *Harden*, 2008 WL 4735231, at *1, but are instead "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Ortiz*, 558 F. Supp. 2d at 451 (internal quotations omitted), the Court reviews the Report for clear error. Careful review of Magistrate Judge Netburn's R&R reveals that there is no clear error in its conclusions. Accordingly, the Court adopts the R&R in full.

## **CONCLUSION**

For all the foregoing reasons, this Court ADOPTS the R&R in its entirety. Defendants' motion to dismiss is GRANTED. Because the R&R gave the parties adequate

warning, *see* R&R, Dkt. 23 at 11–12, Plaintiff's failure to file adequate and specific objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Mario*, 313 F.3d at 766. The Clerk of Court is respectfully directed to close the open motion at docket entry 9 and close this case.

**SO ORDERED:**

_____

**January 7, 2020**  **VALERIE CAPRONI**
**New York, New York**  **United States District Judge**