USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
EVITA JULES,  :
 :
                      Plaintiff, :
 : 19-CV-5008 (VEC)
     -against- :
 : MEMORANDUM
COSMETIC AND RECONSTRUCTION DENTISTRY, : OPINION AND ORDER
DR. MICHAEL CHESNER D.D.S., AND DR. ROBERT :
B. VOGEL, D.D.S., PLLC, :
 :
                      Defendants. :
------------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

*Pro se* plaintiff Evita Jules brings this action against her former employers, Dr. Michael Chesner and Dr. Robert Vogel, alleging employment discrimination on the basis of race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e to 2000e17; 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; Section 1983, 42 U.S.C. § 1983; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 8-131. *See* Dkt. 1. Plaintiff also alleges that Defendants and their attorney engaged in fraud and conspiracy to cause the New York State Division of Human Rights to dismiss her complaint. *Id.* On August 1, 2019, Defendants moved to dismiss the action. Dkt. 9. On December 17, 2019, Magistrate Judge Netburn issued a Report and Recommendation (R&R) to this Court; on January 7, 2020, the Court adopted the R&R in its entirety and dismissed the case. Dkts. 23, 29. On January 24, 2020, the Court granted Plaintiff's request to reopen the case on the grounds that she had not received a full copy of the R&R before filing her objections. Dkt. 31. On February 18, 2020, Plaintiff resubmitted objections to the

R&R. Dkt. 36. For the following reasons, the Court again ADOPTS the R&R in full. This case is DISMISSED.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. New York City Law Dpt.*, No. 14-CV-1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (internal citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 07-CV-4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008); *Schildwachter v. Berryhill*, No. 17-CV-7277, 2019 WL 1115026, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that in order to preserve objections for appeal, the objections "must refer 'to specific findings or recommendations' in

the R&R and must support their positions with legal authority") (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. June 3, 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

Here, Plaintiff's renewed objections do not remedy the deficiencies of her prior objections. Plaintiff's objections are broad, conclusory, lack supporting legal authority, and are merely another attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz*, 558 F. Supp. at 451; *Mario*, 313 F.3d at 766. Accordingly, the Court reviews the R&R for clear error. The Court finds no clear error in Magistrate Judge Netburn's conclusions, and therefore reaffirms its decision to adopt the R&R in its entirety. Plaintiff may pursue her state law claims in state court.

## **CONCLUSION**

For all the foregoing reasons, this Court ADOPTS the R&R in full. Defendants' motion to dismiss is GRANTED. Because the R&R gave the parties adequate warning, *see* R&R, Dkt. 23 at 11–12, Plaintiff's failure to file adequate and specific objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Mario*, 313 F.3d at 766. Accordingly, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore,

permission to proceed *in forma pauperis* for purposes of appeal is denied. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED:**

**March 5, 2020**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**